MURRAY *v.* TRUMBULL.

A contract having been made in 1874 on which judgment was recovered and execution taken out in 1891,—*held,* that no intervening legislation gave the judgment debtor a homestead right in his land as against the execution, or took away the homestead right of his wife and minor children.

PETITION, for the assignment of a homestead by the defendant, whose right is denied by the plaintiff. Facts agreed. In 1891 the plaintiff recovered judgment against the defendant upon a contract made in 1874, sued out an execution, and delivered it to the sheriff, who returned it with his certificate thereon of the defendant's request to cause a homestead to be set off, and of the plaintiff's denial of the right. The defendant married in 1887, and with his wife and two children lives on the estate in question, which he bought in 1889.

*George W. Murray,* for the plaintiff.

*John L. Spring,* for the defendant.

CARPENTER, J. In 1874, when the contract on which the plaintiff's judgment rests was made, the defendant was not, but his wife and minor children were, entitled to a homestead in his estate. G. S., *c.* 124, *s.* 1; Laws 1868, *c.* 1, *s.* 33; *Wiggin* v. *Buzzell,* 58 N. H. 329; *Squire* v. *Mudgett,* 61 N. H. 149. No subsequent legislation has given him a right of homestead as against his indebtedness to the plaintiff (Laws 1878, *c.* 22, Laws 1879, *c.* 17, *Squire* v. *Mudgett, supra, Edwards* v. *Kearzey,* 96 U. S. 595), or taken away that of his wife and children. Their right is not

affected by the repeal and reënactment of the statute in 1878. G. L., c. 291, ss. 3, 5, and 13.

If the defendant's petition does not request a homestead to be set off to his wife and minor children (G. S., c. 124, s. 5, G. L., c. 138, s. 7), it may be amended.

*Case discharged.*

BLODGETT, J., did not sit: the others concurred.